IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 115-063 |
| | ) | |
| RICARDO MANDRELL MOBLEY | ) | |

**O R D E R**

Before the Court are several pre-trial discovery motions filed by Defendant Ricardo Mandrell Mobley.

### I. Motion for Disclosure of Seized Evidence

Pursuant to Federal Rule of Criminal Procedure 12(b)(4), Defendant seeks an order requiring the government to provide notice of its intent to use, during its evidence-in-chief at trial, evidence that Defendant is entitled to discover under the Federal Rule of Criminal Procedure 16. In light of the government's customary policy within this District of providing liberal discovery of its investigative file to defense counsel, Defendant should have already received all evidence in the government's possession that he is entitled to discover under Rule 16, and the instant motion for notice is thus **MOOT**. (Doc. no. 34.)

### II. Motions to Preserve Evidence

Additionally, Defendant filed two motions to preserve evidence, including rough notes of agents. (Doc. nos. 27, 32.) Defendant also requests that the Court conduct an *in camera* inspection of the rough notes of agents. As to the request to preserve evidence,

Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. However, the Court declines to conduct an *in camera* review because Defendant has made no showing of the need or purpose for such review. The government is under a continuing obligation to comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Giglio</u>, 405 U.S. 150 (1972). Accordingly, the Court **GRANTS in PART and DENIES in PART** the motions. The government is instructed to preserve all evidence in this case, including rough notes authored by agents, but at this time, the Court will not conduct an *in camera* inspection.

SO ORDERED this 29th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA