IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 115-063 |
| | ) | |
| RICARDO MANDRELL MOBLEY | ) | |

**O R D E R**
_____

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

**GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with the investigation reports of the Federal Bureau of Investigation, Richmond County Sheriff's Office, and the United States Attorney's Office, excepting attorney and agent work product. (Doc. no. 38, p. 1.) All known

statements by Defendant, as well as his criminal record, have also been provided. (Id. at 2.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 26.)

## MOTIONS FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. nos. 24, 31.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motions to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant moves to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United

2

States v. Aisenberg, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (recognizing requirement for showing of "particularized need" to obtain disclosure of protected grand jury materials; United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (same). Because Defendant has not attempted to show a particularized need for these records, the Court **DENIES** the motion for disclosure of grand jury proceedings.[1] (Doc. no. 25.)

### MOTION FOR PRODUCTION OF IMPEACHING MATTER, TO INCLUDE EVALUATIONS OR RECORDS RELATING TO DRUG AND/OR ALCOHOL DEPENDENCY AND/OR MENTAL ILLNESS OF ANY GOVERNMENT WITNESS

Defendant moves for disclosure of all records and information which arguably could be helpful or useful to the defense for impeachment, including any history of mental or emotional treatment, mental disease or emotional disorder, as well as records of drug or alcohol dependency, of any government witness. (Doc. no. 28.) While the government does not have a duty to investigate the background or psychiatric history of each potential witness, especially in the absence of any showing of particularized need or materiality, it does have a duty to disclose exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), when it becomes aware of the information. Thus, the Court **GRANTS** the motion only to the extent that the information constitutes Brady and/or Giglio material.

---

[1] Defendant's request may well be moot in light of the government's statement that it intends to provide the grand jury transcript at least one week prior to trial. (Doc. no. 38, p. 1.)

3

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

The Court **DENIES** this motion. (Doc. no. 29.) The Court ordered that all motions in this case were to be filed within fourteen days of the date of arraignment. A motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c). This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES

Defendant requests that the government be ordered to furnish the names and addresses, as well as the criminal records, of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** the request for a witness list. (Doc. no. 30-1.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses.  The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994).  However, this right is not unlimited.  Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness.  This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft.  4-608 Weinstein's Federal Evidence § 608.22. Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609.  (Doc. no. 38, pp. 1, 5.)  Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, the Court **DENIES** Defendant's request for disclosure of prior crimes of witnesses.  (Doc. no. 30-2.)

### MOTION FOR DISCLOSURE OF ALL EVIDENCE THE GOVERNMENT INTENDS TO OFFER PURSUANT TO FEDERAL RULES OF EVIDENCE 405

Defendant requests production of all evidence the government intends to offer pursuant to Rule 405, specifically to include any reputation evidence the government intends to offer. This motion is **MOOT** (doc. no. 33) in light of the position of the United States Attorney in permitting liberal disclosure of the government's file pertaining to this case.

### MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion, (doc. no. 37), and any information not yet furnished shall be provided to the government no later than fourteen days from the date of this Order.

SO ORDERED this 31st day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA