IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 115-063 |
| | * | |
| RICARDO MANDRELL MOBLEY | * | |

### O R D E R

In 2015, Defendant Ricardo Mandrell Mobley was convicted of using, carrying, and brandishing a firearm during a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Defendant was sentenced to 72 months of imprisonment on this count. Defendant did not appeal the conviction or sentence.

On June 23, 2016, Defendant filed a motion for appointment of counsel to help him determine whether he is eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, in Johnson, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson retroactive in cases on collateral review.

In order to attack the legality of his sentence, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion to appoint counsel does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize his motion as a first § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a pro se motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Johnson claim.[1] If Defendant fails to respond to this Order within 30

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the attached form, including his Johnson claim. In other words, if Defendant files an amended motion on the form provided, the

2

days, his motion to appoint counsel will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and his claims will be addressed under the standards applicable to § 2255 motions.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of June 23, 2016.